IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDY BLAKE,<br><br>           Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY DISTRICT COURT,<br><br>           Defendant. | **8:25CV134**<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff Brandy Blake ("Plaintiff") filed a Complaint, Filing No. 1, on February 24, 2025. However, Plaintiff failed to include the $405.00 filing and administrative fees (the "Filing Fees"). Then on March 3, 2025, Plaintiff filed a motion for default judgment (the "Motion"), seeking a default judgment against defendant Douglas County District Court ("Defendant") for its alleged failure to file a responsive pleading. Filing No. 4. For the reasons that follow, the Motion shall be denied without prejudice and Plaintiff shall be ordered to address the payment of the Filing Fees before any further action is taken in this matter.

      Importantly, Plaintiff's case cannot proceed until the issue of the payment of filing fees is resolved. Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis (without payment of fees). Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

      Moreover, even had Plaintiff addressed the issue of filing fees, Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve each

defendant with a summons and a copy of the complaint. *See Welch v. Byrd*, No. 4:23CV3186, 2024 WL 3292696, at *1 (D. Neb. July 3, 2024). Here, a summons has not yet been issued and Defendant has not been served with a copy of the Complaint. As such, Plaintiff's assertion that the time for Defendant to respond to the Complaint is incorrect. Instead, the time for Defendant to respond to the Complaint has not yet begun to run.

However, because Plaintiff has yet to address payment of the Filing Fees, this Court cannot determine if issuance of the summons is appropriate because "district courts cannot issue summonses in *in forma pauperis* [non-prisoner and] prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b)." [1] *Id.* (quoting *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (internal citation omitted)). To the extent Plaintiff intends to proceed by filing an application to proceed without payment of fees (and if that application is approved), this Court is required to screen the Complaint to determine whether summary dismissal is appropriate, *see* 28 U.S.C. § 1915(e), before the summons can be issued.

Ultimately, until Plaintiff addresses payment of the Filing Fees, this Court cannot determine if an initial review pursuant to 28 U.S.C. § 1915(e) is necessary, the Summons cannot be issued, and Defendant cannot be served.

IT IS THEREFORE ORDERED that:

1.      Plaintiff is directed to submit the $405.00 Filing Fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

---

[1] Under the statute, following the granting of a motion to proceed in forma pauperis, a court must review and dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

3. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **April 3. 2025**: Check for MIFP or payment.

4. Plaintiff's Motion seeking entry of default judgment, Filing No. 4, is denied without prejudice.

Dated this 4th day of March, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge